[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pending before the court is the plaintiff's motion for a bill of discovery in equity (#148). The plaintiff seeks: (1) to re-depose Robert Jester; and (2) to depose Korri Morsey, Paul Zedonis, William Smith, James McNeely and Randy Tipton. All of these persons are non-party witnesses that either are or were officers, directors, or managing agents of the defendant corporation. The plaintiff contends that many of these witnesses will not appear at the trial of this matter. The plaintiff seeks to treat these non-party witnesses as hostile witnesses, and seeks to prevent the defendant's counsel from aiding or coaching these witnesses.
The court grants the plaintiff's motion to re-depose Jester. While the court grants the plaintiff's motion to depose the other non-party witnesses, the court refrains from declaring these non-party witnesses as hostile or adverse to the plaintiff. Presently, there is not enough evidence to satisfy the court as to such a determination. It is conceivable that while some of these witnesses may turn out to be hostile or adverse to the plaintiff some might turn out to be neutral.
Nevertheless, to the extent that the plaintiff considers these witnesses to be hostile, it would be proper for the plaintiff's attorney to ask them leading questions. It is axiomatic that opposing counsel may object to the form of those questions. Where an objection is raised by defense counsel, to CT Page 5164 form, the witness must answer unless the question: (1) involves a claim of privilege; (2) is harassing or embarrassing in nature; or (3) is palpably irrelevant. "All questions, including those objected to, are to be answered; . . . unless the objecting party procures from the court a protective order precluding or limiting the scope of disclosure." Pavlinko v. Yale-New Haven Hospital,192 Conn. 138, 143 (1984); Practice Book § 221. Ultimately, the propriety of any objection raised will be ruled upon when and if the deposition testimony is introduced at the time of trial.
The court refuses to order the defendant's counsel to refrain from conferring with or reviewing documents with the non-party witnesses.
SAMUEL S. FREEDMAN, JUDGE